# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DAVALOS, JOE PEDRO, and STEVE CELENTANO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREATBANC TRUST COMPANY, et al.,<br><br>Defendants. | Case No. 1:25-cv-00706-KES-SKO<br><br>**ORDER VACATING HEARING AND GRANTING PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY**<br><br>(Doc. 88) |

This matter is before the Court on Plaintiffs Jose Davalos, Joe Pedro, and Steve Celentano's (collectively, "Plaintiffs") motion for jurisdictional discovery, which was filed November 13, 2025. (Doc. 88.)  Plaintiffs and Defendants Kevin Kruse, The Kruse Western, Inc. Board of Directors, Tony Correia, Kruse Investment Company, Inc., Tony F. & Mary A. Correia Revocable Family Trust, 2007 Knudsen Family Trust, Kruse Family Trust, Kruse Western, Inc., and Kruse Western Enterprises, LLC (collectively, the "HK Defendants"); Defendant GreatBanc Trust Company ("GreatBanc"); and Defendants Robert Berczynski, Aubrey Michael, Chad Pinter, Mark La Bounty, Ronald Kruse, The Jeffrey & Karen Fontanella Trust, La Bounty Family Trust, Ronald O. Kruse Family Trust, Jordyn Kruse, Ryan Kruse, The Douglas T. Kruse Trust, The Davis Family Trust, SECAP, The Kruse Feed & Supply, Inc. Profit Sharing Plan, The Lambert Family Revocable Trust, Warren Hutchings, Doreen Hutchings, Sidney Earp, Richard Earp, Mark Krebsbach, Nickie Krebsbach, The Joseph & Debra Guenley Revocable Living Trust, The Holdsworth Family

Revocable Trust, Daniel J. Martin, The Monte and Susan Mello Trust, Larry Leitner, Hal Reed, and Bob Reeves (collectively, the "McDermott Defendants") filed a joint statement directed to the motion, as required by this Court's Local Rule 251, on November 26, 2025 (the "Joint Statement"). (Doc. 92.) The Court has reviewed the parties' Joint Statement and finds the matter suitable for decision without oral argument. Accordingly, the hearing set for December 10, 2025, will be vacated.

Having considered the Joint Statement, and for the reasons set forth below, the motion will be granted.

## I. BACKGROUND

Plaintiffs filed the operative amended complaint on September 17, 2025, alleging claims pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(2) and (a)(3), on behalf of themselves and other participants in the Western Milling Employee Stock Ownership Plan (the "Plan"). (Doc. 73-1.) Plaintiffs' claims arise out the Plan's sale in 2022 of stock back to Defendant Kruse Western Inc. for which the Plan and its participants allegedly did not receive fair market value. (*See generally id.*)

On October 10, 2025, the HK Defendants, GreatBanc, and the McDermott Defendants filed motions to dismiss under Fed. R. Civ. P. 12(b)(1) and (b)(6).[1] (Docs. 79, 80, 82.) The motions to dismiss contend that the Court does not have subject matter jurisdiction because Plaintiffs lack standing under Article III of the U.S. Constitution, and that Plaintiffs' claims should be dismissed because they are barred under ERISA's statute of limitations and are not adequately pleaded. (*See id.*, Doc. 91)

Plaintiffs' oppositions to the motions to dismiss are due on December 16, 2025. (Doc. 84.) The mandatory scheduling conference is currently set for July 7, 2026, having been continued in view of the pending motions to dismiss. (*See* Doc. 85.) On November 13, 2025, Plaintiffs filed the present motion for jurisdictional discovery. (Doc. 88.)

## II. DISCUSSION

Plaintiffs contend they need "jurisdictional discovery to adequately respond to Defendants'

---

[1] GreatBanc filed an amended motion to dismiss on November 26, 2025. (*See* Doc. 91.)

2

motions to dismiss on jurisdictional grounds." (Doc. 88 at 3; *see also* Doc. 92 at 9, 10.) Defendants oppose any discovery at this time. (Doc. 92 at 14.)

In general, "[a] party may not seek discovery . . . before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). "However, courts may permit expedited discovery before the Rule 26(f) conference upon a showing of good cause." *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008). Further, a district court has "broad discretion" to allow a plaintiff to conduct jurisdictional discovery. *Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996, 1001 (N.D. Cal. 2016) (citation and quotation omitted). Requests for such discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quoting *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)); *see Am. W. Airlines, Inc. v. GPA Grp., Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989) (trial judges have broad discretion to allow early discovery "where pertinent facts bearing on the question of jurisdiction are in dispute.").

Plaintiffs allege in the operative complaint that they and the other Plan participants suffered injury because they received less than fair market value as a result of the Plan's sale in 2022 of stock back to Defendant Kruse Western Inc. (*See* Doc. 73-1 ¶¶ 4, 6, 78, 86.) In moving to dismiss Plaintiffs' claims for lack of standing under Article III, GreatBanc and the HK Defendants[2] attempt to rebut factually this allegation by relying on the Plan's "Form 5500 filings" to prove that the Plan "received tremendous value" and "participants thus realized extraordinary gains . . . undescor[ing] the speculative nature of Plaintiff's [*sic*] suggestion that the Plan was somehow harmed by receiving $125 per share."[3] (*See* Doc. 80-1 at pp. 16–17 and Exs. 2 & 3; Doc. 91 at 16–17.) Plaintiffs assert, persuasively, that they need discovery of documents relating to the 2022 sale to dispute these

---

[2] The HK Defendants incorporate the portion of GreatBanc's standing argument that relies on the Form 5500 filings. (*See* Doc. 79-1 at 11 n.1.) Contrary to Plaintiffs' contention (Doc. 92 at 9), the McDermott Defendants do not. (*See* Doc. 82-1 at 13.)

[3] GreatBanc contends in its motion to dismiss that "[t]he Court may take judicial notice of the Plan's Form 5500's because they are public documents filed with the United States Department of Labor that are not subject to reasonable dispute and that courts routinely take notice of." (Doc. 80-1 at 16 n.4; Doc. 91 at 16 n.5.) The propriety of taking judicial notice of the existence or the contents of the Form 5500 filings for purposes of adjudicating GreatBanc's motion to dismiss (as well as the treatment of the motion as a "facial" or "factual" challenge to subject matter jurisdiction, *see* Doc. 92 at 13–15) is before the assigned district judge and as such will not be addressed by the undersigned here.

assertions by GreatBanc and the HK Defendants that, based on the Form 5500 filings, the Plan increased in value to the participants' benefit. (Doc. 92 at 8, 9.) It would be unjust to allow those defendants to rely on the Form 5500 filings as evidence of lack of standing while simultaneously preventing Plaintiffs from verifying the same.[4] *See Laub*, 342 F.3d at 1093 (finding an abuse of discretion and reversing district court's decision not to permit jurisdictional discovery where the "jurisdictional facts are contested" and "additional discovery would be useful to establish federal subject matter jurisdiction"); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977) (holding that district court abused its discretion in refusing to grant discovery on jurisdictional issue); *see also* Fed. R. Civ. P. 1 (discovery rules should be "administered . . . by the court to secure the just, speedy, and inexpensive determination of every action and proceeding."). *Cf. Mackovich v. United States*, No. 1:06-cv-00422-SMS (PC), 2008 WL 2053978, at *1 (E.D. Cal. May 13, 2008) (denying jurisdictional discovery where plaintiff made "no showing that if further discovery were allowed, the outcome of the resolution of Defendant's motion to dismiss would be affected").

The Court concludes that Plaintiffs have shown good cause for early discovery regarding the factually contested jurisdictional issues raised in GreatBanc's and the HK Defendants' motions to dismiss, and that those defendants will suffer no prejudice as it is undisputed that these documents have been previously produced to Plaintiffs under the auspices of Fed. R. Evid. 408. (*See* Doc. 92 at 23–30.) *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.").

### III.   CONCLUSION AND ORDER

For the reasons set forth above, Plaintiffs' motion for jurisdictional discovery (Doc. 88) is GRANTED. The parties SHALL meet and confer to agree upon a reasonable time frame and manner for production of the "documents relating to the 2022 ESOP Transaction for litigation

---

[4] Plaintiffs also contend that Defendants rely on the "Confidential Information Sheet" ("CIS") and "one of the loan notes from the Transaction" in advancing their standing argument (*see* Doc. 92 at 9, 10), but the undersigned agrees with Defendants that any purported reliance on these materials is the result of either scrivener's error (in the case of the CIS, subsequently corrected in the amended motion to dismiss) or is not germane to the standing inquiry (in the case of the loan note).

purposes that Defendants previously produced under the auspices of Fed. R. Evid. 408," including the terms of a stipulated protective order pursuant to E.D. Cal. L.R. 141.1, if necessary.

The hearing set for December 10, 2025, is VACATED, and Defendants' recently filed administrative motion to conduct the hearing via the Zoom application (Doc. 93) is DENIED as MOOT.

IT IS SO ORDERED.

Dated: __**December 2, 2025**__           /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE

5