Ian B. Wieland, State Bar No. 285721
**SAGASER, WATKINS & WIELAND, PC**
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000
Facsimile: (559) 473-1483

Lynn Estes Calkins (Pro Hac Vice)
**HOLLAND & KNIGHT, LLP**
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 457-7041
Facsimile: (202) 955-5564

Chelsea Ashbrook McCarthy (Pro Hac Vice)
**HOLLAND & KNIGHT, LLP**
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
Telephone: (312) 263-3600
Facsimile: (312) 578-6666

Attorneys for Defendants Kevin Kruse, The Kruse Western, Inc. Board of Directors, Tony
Correia, Kruse Investment Company, Inc., Tony F. & Mary A. Correia Revocable Family Trust,
2007 Knudsen Family Trust, Kruse Family Trust, Kruse Western, Inc., and Kruse Western
Enterprises, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DAVALOS, JOE PEDRO, and STEVE CELENTANO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREATBANC TRUST COMPANY, *et al.*,<br><br>Defendants. | CASE NO. 1:25-cv-00706-KES-SKO<br><br>**HK DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:  March 2, 2026<br>Time:  1:30 p.m.<br>Courtroom: 7, 6th Floor<br><br>Complaint filed:  June 9, 2025<br>Amended Complaint filed: September 17, 2025 |

**HK DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS THE CLASS ACTION COMPLAINT**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................................1

ARGUMENT ........................................................................................................................1

I.   PLAINTIFFS FAIL TO ALLEGE AN INJURY IN FACT AND LACK STANDING. ............1

A.  Plaintiffs Utilize an Outdated Pleading Standard.....................................................1

B.  Plaintiffs Have Not Identified a Concrete Injury-in-Fact ........................................2

C.  Plaintiffs' Reliance On The Form 5500 Is Improper And Fruitless..........................3

D.  Defendants' Standing Argument Is Not Premature ..................................................3

II.  PLAINTIFFS FAIL TO STATE A CLAIM AGAINST THE HK DEFENDANTS...................4

A.  Plaintiffs' Claims Are Barred By ERISA's Statute Of Repose. ...............................4

B.  Plaintiffs Fail to Plead Plausible Claims For Relief. ...............................................5

1.  Count I fails to allege any HK Defendant knowingly participated in an unlawful transaction under ERISA § 406(a). ..................................................................5

a.  Plaintiffs' claim is based on their "party in interest" status, but Plaintiffs' fail to plead HK Defendants are "parties in interest."........................................6

b.  Plaintiffs fail to allege HK Defendants engaged in a direct or indirect § 406(a) transaction with the ESOP. .......................................................................7

c.  Plaintiffs fail to allege any HK Defendant named in Count I had actual or constructive knowledge to be liable as nonfiduciaries.............................9

d.  Plaintiffs fail to allege HK Defendants received "ill-gotten trust assets."...............10

e.  Plaintiffs do not dispute that Kruse Western or Kruse Western Enterprises are not subject to the equitable relief they seek. ...........................................11

2.  Count II fails to allege any HK Defendant was a fiduciary that engaged in an ERISA § 406(b) transaction. ..................................................................................11

3.  Count IV's conclusory duty to monitor allegations fail..............................................12

4.  Count V contains no facts supporting actual knowledge..............................................13

5.  Count VI fails to state a plausible claim for equitable relief.........................................14

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ackers v. Google LLC*,
2020 WL 4361139 (N.D. Cal. Jan. 2, 2020) ................................................................................. 2

*Arnold v. Paredes*,
714 F. Supp. 3d 962 (M.D. Tenn. 2024) ..................................................................................... 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................................................................................................................... 1

*Askew v. R.L. Reppert, Inc.*,
902 F. Supp. 2d 676 (E.D. Pa. 2012) .......................................................................................... 14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................................................................................................................... 1

*Bombardier Aerospace Emp. Welfare Benefit Plan v. Ferrer, Poirot & Wansbrough*,
354 F.3d 348 (5th Cir. 2003) ......................................................................................................... 7

*Bozzini v. Ferguson Enters. LLC*,
2024 WL 4008760 (N.D. Cal. Aug. 30, 2024) ............................................................................ 13

*Brock v. Citizens Bank of Clovis*,
841 F.2d 344 (10th Cir. 1988) ....................................................................................................... 8

*Chea v. Lite Star ESOP Comm.*,
2024 WL 280771 (E.D. Cal. Jan. 25, 2024) ................................................................................ 12

*Chesemore v. Alliance Holdings, Inc.*,
886 F. Supp. 2d 1007 (W.D. Wis. 2012) ...................................................................................... 8

*Crane v. Clark Cnty.*,
2024 WL 1345213 (D. Nev. Mar. 27, 2024) .................................................................................. 1

*Cunningham v. Cornell Univ.*,
604 U.S. 693 (2025) ............................................................................................................... 1, 6, 9

*Del Castillo v. Cmty. Child Care Council of Santa Clara Cnty., Inc.*,
2019 WL 6841222 (N.D. Cal. Dec. 16, 2019) .............................................................................. 6

*E.B.C. Tr. Corp. v. JB Oxford Holdings, Inc.*,
2004 WL 5641999 (C.D. Cal. Oct. 26, 2004) ............................................................................... 5

*Fish v. GreatBanc Trust Company*,
    109 F. Supp. 3d 1037 (N.D. Ill. 2015) ................................................................. 15

*Gamino v. KPC Healthcare Holdings, Inc.*,
    2021 WL 162643 (C.D. Cal. Jan. 15, 2021) ........................................................ 12

*Gamino v. KPC Healthcare Holdings, Inc.*,
    2021 WL 5104382 (C.D. Cal. Nov. 1, 2021) ......................................................... 8

*Gamino v. KPC Healthcare Holdings, Inc.*,
    2022 WL 4596576 (C.D. Cal. Aug. 15, 2022) ..................................................... 7, 9

*Gamino v. SPCP Group, LLC*,
    2022 WL 336469 (C.D. Cal. Feb. 2, 2022) ................................................. 7, 10, 11

*Gernandt v. SandRidge Energy Inc.*,
    2017 WL 3219490 (W.D. Okla. July 28, 2017) ................................................... 14

*Haley v. Teachers Ins. & Annuity Assoc. of Am.*,
    377 F. Supp. 3d 250 (S.D.N.Y. 2019) ................................................................. 10

*Hall v. Fiat Chrysler Am. US LLC*,
    2022 WL 17885693 (C.D. Cal. Oct. 24, 2022) ...................................................... 7

*Harris Tr. & Savs. Bank v. Salomon Smith Barney Inc.*,
    530 U.S. 238 (2000) ............................................................................ 6, 9, 11, 15

*Howard v. Shay*,
    100 F.3d 1484 (9th Cir. 1996) ............................................................................. 9

*Innis v. Bankers Trust Co. of S.D.*,
    2017 WL 4876240 (S.D. Iowa Oct. 13, 2017) .................................................... 12

*Johnson v. Mitchell*,
    2012 WL 1657643 (E.D. Cal. May 10, 2012) ...................................................... 4

*Larson v. United Healthcare Ins. Co.*,
    723 F.3d 905 (7th Cir. 2013) ............................................................................... 7

*Lee v. Argent Trust Company*,
    2019 WL 3729721 (E.D.N.C. Aug. 7, 2019) ........................................................ 4

*Leimkuehler v. Am. United Life Ins. Co.*,
    2012 WL 28608 (S.D. Ind. Jan. 5, 2012) ........................................................... 12

*Lowen v. Tower Asset Mgmt., Inc.*,
    829 F.2d 1209 (2d Cir. 1987) ............................................................................ 12

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ............................................................................................ 1

*Mackovich v. U.S. Government*,
  2008 WL 2053978 (E.D. Cal. May 13, 2008)....................................................................... 4

*Nat'l Sec. Sys., Inc. v. Iola*,
  700 F.3d 65 (3d Cir. 2012)................................................................................................. 7

*Neil v. Zell*,
  2010 WL 11603191 (N.D. Ill. Mar. 11, 2010)..................................................................... 8

*Paulson v. Carter*,
  230 F. App'x 645 (9th Cir. 2007) ...................................................................................... 1

*Phillips v. Alaska Hotel & Rest. Emps. Pension Fund*,
  944 F.2d 509 (9th Cir. 1991).............................................................................................. 5

*PICC Prop. & Cas. Co. Ltd. v. UNIS, LLC*,
  2021 WL 939069 (C.D. Cal. Feb. 1, 2021).......................................................................... 1

*Pisciotta v. Teledyne Indus.*,
  91 F.3d 1326 (9th Cir. 1996)............................................................................................... 5

*Posadas v. Goodyear Tire & Rubber Co.*,
  2024 WL 5114133 (S.D. Cal. Dec. 13, 2024)...................................................................... 2

*Spear v. Fenkell*,
  2016 WL 5661720 (E.D. Pa. Sept. 30, 2016) ................................................................. 8, 11

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016)............................................................................................................ 3

*In re Syncor ERISA Litig.*,
  351 F. Supp. 2d 970 (C.D. Cal. 2004)................................................................................ 14

*Szalanski v. Arnold*,
  2025 WL 172622 (W.D. Wis. June 20, 2025) ...................................................................... 8

*Taylor v. BDO USA, P.C.*,
  2025 WL 2420941 (D. Mass. Aug. 21, 2025)....................................................................... 2

*Thomas v. Mundell*,
  572 F.3d 756 (9th Cir. 2009).............................................................................................. 3

*Tibble v. Edison Int'l*,
  639 F. Supp. 2d 1074 (C.D. Cal. 2009).............................................................................. 12

*Walsh v. Vinoskey*,
  19 F.4th 672 (4th Cir. 2021)............................................................................................... 9

*White v. Chevron Corp.*,
  2016 WL 4502808 (N.D. Cal. Aug. 29, 2016).................................................................... 13

*Zavala v. Kruse*,
2023 WL 2387513 (E.D. Cal. Mar. 7, 2023) ........................................................................... 8

*Zavala v. Kruse-Western, Inc.*,
398 F. Supp. 3d 731 (E.D. Cal. 2019) .................................................................................. 12

**Statutes**

29 U.S.C. § 1105(a)(1), ERISA § 405(a)(1) .............................................................................. 14

29 U.S.C. § 1105(a)(2), ERISA § 405(a)(2) .............................................................................. 14

29 U.S.C. § 1105(a)(3), ERISA § 405(a)(3) .............................................................................. 14

29 U.S.C. § 1106, ERISA § 406 ....................................................................................... 7, 8, 9

29 U.S.C. § 1106(a), ERISA § 406(a) ................................................................................ *passim*

29 U.S.C. § 1106(b), ERISA § 406(b) ................................................................................ 7, 11

29 U.S.C. § 1106(b)(3), ERISA § 406(b)(3) ..................................................................... 7, 8, 12

29 U.S.C. § 1108(e), ERISA § 408 ......................................................................................... 9

29 U.S.C. 1132(a)(3), ERISA § 502(a)(3) ......................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 15(c)(1)(B) ...................................................................................................... 8

**INTRODUCTION**

Although Plaintiffs spend the majority of their Opposition arguing facts and contending that the Defendants are hiding information (which Plaintiffs already have in their possession through the settlement process), nothing in their filing salvages the Amended Complaint ("Complaint") from the legal infirmities raised in HK Defendants'[1] Motion to Dismiss.  When each of those legal infirmities is examined, it is clear that Plaintiffs' Complaint lacks sufficient depth to proceed past the Motion to Dismiss phase.  This matter should be dismissed.

**ARGUMENT**

**I.  PLAINTIFFS FAIL TO ALLEGE AN INJURY IN FACT AND LACK STANDING.**

Plaintiffs' Opposition does not – and cannot – cure a fundamental defect of their Complaint: they cannot sufficiently plead a concrete and particularized injury-in-fact.

**A.  Plaintiffs Utilize an Outdated Pleading Standard**

Plaintiffs incorrectly contend that "Plaintiffs' allegations relating to both standing and their substantive claims must be accepted as true." ECF 110 ("Opp.") at 9.  This is directly contrary to the Supreme Court's directive that district courts should screen out meritless ERISA complaints by dismissing suits that "fail to identify an injury."  *Cunningham v. Cornell Univ.*, 604 U.S. 693, 708 (2025).   It is well-established that a court is only to accept "well-pleaded" allegations as true, not *all* allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *PICC Prop. & Cas. Co. Ltd. v. UNIS, LLC,* 2021 WL 939069, at *2 (C.D. Cal. Feb. 1, 2021); *Crane v. Clark Cnty.*, 2024 WL 1345213, at *1 (D. Nev. Mar. 27, 2024).  Plaintiffs' "conclusory allegations and unwarranted inferences, unsupported by specific facts" at issue here are insufficient to defeat the requested dismissal. *Paulson v. Carter*, 230 F. App'x 645, at *1 (9th Cir. 2007).

Plaintiffs' reliance on *Lujan v. Defs. of Wildlife* for the assertion that "general allegations" of injury is enough is also unwarranted.  504 U.S. 555, 561 (1992); Opp. at 9.  *Lujan* pre-dates the governing standard of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and Plaintiffs' citation

---

[1] Kruse Western, Inc.("KW"), Kruse Western Enterprises, LLC ("KWE"), the Kruse Western, Inc. Board of Directors (the "Board"), Kevin Kruse, Tony Correia, Kruse Investment Company, Inc., the Tony F. and Mary A. Correia Revocable Family Trust (the "Correia Trust"), the Kruse Family Trust, and the 2007 Knudsen Family Trust (the "Knudsen Trust").

to pre-*Twombly* case law ignores a decade of Supreme Court and Ninth Circuit governing the requirements for surviving a motion to dismiss.  Current case law requires facts which *plausibly allege* an injury-in-fact. *Ackers v. Google LLC*, 2020 WL 4361139, at *3 (N.D. Cal. Jan. 2, 2020); *Posadas v. Goodyear Tire & Rubber Co.,* 2024 WL 5114133, at *4 (S.D. Cal. Dec. 13, 2024).[2]

### B.  Plaintiffs Have Not Identified a Concrete Injury-in-Fact

Instead of addressing the legal failures explained by HK Defendants about why Plaintiffs have failed to allege an injury, Plaintiffs rest on their conclusory allegation that "the ESOP and its employee-owners did not receive fair market value for their equity interest in the Company" in the 2022 Transaction. Opp. at 12.  Plaintiffs do not allege any facts to suggest the price paid by the Viserion was inadequate, the valuation process was flawed, or any individual Plaintiff suffered an actual financial loss. *See Taylor v. BDO USA, P.C.*, 2025 WL 2420941, at *3 (D. Mass. Aug. 21, 2025) (plaintiff failed to plead a cognizable injury based on similar allegations).

Plaintiffs' assertion that they are not required to "quantify the amount of the underpayment for the ESOP's stock" (Opp. at 13) mischaracterizes Defendants' argument.  Defendants do not contend that Plaintiffs must provide a precise calculation of the alleged underpayment; rather, Defendants assert that Plaintiffs have not alleged any facts to support that there *was* an underpayment. Each of Plaintiffs' allegations are bare conclusions. *See* AC ¶¶ 11-13. The Complaint contains no facts indicating why or how the ESOP's equity stake was undervalued. On the contrary, the existence of a third-party buyer willing to pay the transaction price supports the inference that Plaintiffs received fair market value.

Plaintiffs' allegation that their own equity interests were undervalued fares no better. Opp. at 13. The use of sale proceeds to satisfy pre-existing corporate obligations does not lead to an inference that participants received less than fair market value for the equity they held in 2022; it simply reflects the capital structure created in 2015. Plaintiffs' theory of injury thus collapses into a challenge to the 2015 transaction and is barred by the statute of repose.  *See infra* Section II.A.

---

[2] Plaintiffs' assertion that "ERISA plaintiffs generally lack the inside information necessary to make out their claims in detail" is similarly disingenuous where they acknowledge receiving a detailed 27-page disclosure document describing the terms of the 2022 Transaction to their Opposition. Opp. at 10. *See* ECF 110-3. Plaintiffs cannot simultaneously claim ignorance while relying on detailed disclosures they received in connection the 2022 Transaction.

### C.  Plaintiffs' Reliance On The Form 5500 Is Improper And Fruitless.

GreatBanc withdrew all references to the 2020 and 2021 Form 5500 filings from its Article III standing arguments. ECF 96, 97.  And, Plaintiffs' claim that "Company insiders were effectively paid $144.90 per share" while participants received only $125 per share is a fundamental misreading of the transaction. Opp. at 14. The 1.6 million unallocated shares were not sold to insiders for cash; they were returned to the Company to extinguish the ESOP's $231 million loan. Plaintiffs make no allegation that company insiders personally received any proceeds from this debt cancellation. In fact, this arrangement was highly beneficial to the ESOP participants. By retiring the debt with unallocated shares, the ESOP was relieved of its largest liability, and participants were able to receive the full $125 per share value for their allocated stock without any proceeds being diverted to repay the loan. The fact that the implied value of the unallocated shares used for debt cancellation was higher than the cash price for allocated shares demonstrates that the ESOP received a favorable deal; by using fewer shares to retire the debt, more value was preserved for participants.

Plaintiffs' assertion that "nothing prevented a higher overall Transaction price from being paid" (Opp. at 15) is meaningless in the absence of any factual allegation that Viserion actually underpaid for the Company. The Complaint makes no allegation that the consideration received from Viserion was insufficient. And, Plaintiffs' vague assertion that bonuses paid to management somehow depleted their recovery is also unsupported by any facts. Opp. at 15. Plaintiffs do not allege the bonuses were unreasonable, out of line with market practice, or that they caused the consideration paid to the ESOP to fall below fair market value.

### D.  Defendants' Standing Argument Is Not Premature

Plaintiffs claim that it is premature for the Court to adjudicate standing.  Not so.  Because "[s]tanding is a necessary element of federal-court jurisdiction," a court must assure itself of standing before proceeding to the merits or allowing discovery. *Thomas v. Mundell*, 572 F.3d 756, 760 (9th Cir. 2009). Article III requires a plaintiff to show injury-in-fact as part of the "irreducible constitutional minimum" of standing, and that requirement applies at the pleading stage no less than at later stages of the litigation. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

Plaintiffs' extra-pleading reliance on Form 5500 and the "fully-leveraged" nature of the

ESOP's initial purchase only reinforces the absence of a 2022 injury. The ESOP's acquisition was fully leveraged at inception, meaning the ESOP's equity value in the company was effectively $0 when the 2015 transaction closed. By 2022, as Plaintiffs allege, ESOP participants held shares valued at approximately $125 per share—a substantial, indeed exponential, increase over zero. Where a fully leveraged ESOP's equity grows from zero to a positive per-share value, participants have not suffered a concrete Article III injury; they have gained value. *See Lee v. Argent Trust Company*, 2019 WL 3729721, at \*3-4 (E.D.N.C. Aug. 7, 2019). Thus, Plaintiffs' own description of the plan's structure and the 2022 per-share value undermines, rather than supports, any plausible allegation of economic loss arising from the 2022 Transaction.

Under Plaintiffs' own framing, "the relevant comparison is the fair market value of the company in the year of the transaction." Opp. at 16. The proper question, then, is whether ESOP participants failed to receive fair market value for their stock in 2022. Yet Plaintiffs plead no facts that the arm's-length consideration paid by Viserion for the company—or the amounts allocated to ESOP participants from it—meant the ESOP received less than fair market value in 2022.

And, although Plaintiffs' claim that jurisdictional discovery should be allowed, discovery is not a tool to fish for a claim. *Johnson v. Mitchell*, 2012 WL 1657643, \*7 (E.D. Cal. May 10, 2012); *Mackovich v. U.S. Government*, 2008 WL 2053978, \*1 (E.D. Cal. May 13, 2008).  Plaintiffs must first allege facts that make their right to relief plausible.  They fail to do so.

## II.  PLAINTIFFS FAIL TO STATE A CLAIM AGAINST THE HK DEFENDANTS.

### A.  Plaintiffs' Claims Are Barred By ERISA's Statute Of Repose.

Although the Opposition is replete with references to the "2022 ESOP Transaction," the Complaint reinforces that their claims arise entirely from obligations incurred in 2015, not from any independent misconduct in 2022.

The Complaint asserts that the 2015 transaction, in which the ESOP purchased Kruse Western, was financed with promissory notes that supposedly exceeded the Company's enterprise value, resulting in a large leveraged payout to the former owners of Western Milling and its parent company, Kruse Western. AC ¶¶ 64–67. According to Plaintiffs, this financing left the ESOP in a poor financial position. Plaintiffs then attempt to bring this purported harm outside of the repose

period by characterizing the 2022 ESOP Transaction as the actionable event, asserting that it allowed the sellers to cash out their notes and that the ESOP received less than fair market value when it transferred its 2,000,000 shares back to the Company. AC ¶ 69.  A plain reading of the Complaint, however, shows that Plaintiffs' real grievance is with the 2015 financing structure. The references to 2022 merely complain about the consequences of those 2015 decisions. There are no allegations that actions taken in 2022 were imprudent, disloyal, or otherwise actionable.

The weakness of Plaintiffs' arguments on this point is reinforced by their failure to address the legal authority HK Defendants pointed to in their Motion. Significantly, Plaintiffs have no response to the rule that promissory notes become binding obligations when executed, not when later paid. *See E.B.C. Tr. Corp. v. JB Oxford Holdings, Inc.*, 2004 WL 5641999, at *1 (C.D. Cal. Oct. 26, 2004). Nor do they confront the Ninth Circuit's general rejection of "continuing violation" or "continuing breach" theories under ERISA. *See Pisciotta v. Teledyne Indus.*, 91 F.3d 1326, 1332 (9th Cir. 1996); *Phillips v. Alaska Hotel & Rest. Emps. Pension Fund*, 944 F.2d 509, 520–21 (9th Cir. 1991). At most, Plaintiffs allege ongoing effects of a single, time-barred transaction, which is insufficient to evade the statute of repose in this Circuit.

Although Plaintiffs argue "it would have been impossible for Plaintiffs to bring their claims prior to the closing of the 2022 ESOP Transaction," such assertion is patently false. Opp. at 47. Plaintiffs *did* sue before 2022 in the *Zavala* litigation and directly challenged the promissory notes.

Finally, Plaintiffs' assertion that "many of the Defendants also received bonus compensation separate and apart from the consideration on the loan notes" likewise fails to cure the timeliness problem. Opp. at 48. The Complaint contains no factual allegations that these bonuses were excessive, inconsistent with market practice, or that they caused the consideration paid to the ESOP to fall below fair market value. Regardless, these allegations do not prevent dismissal of the portions of Plaintiffs' claims that plainly target repayment of the 2015 seller notes.

**B. Plaintiffs Fail to Plead Plausible Claims For Relief.**

**1. Count I fails to allege any HK Defendant knowingly participated in an unlawful transaction under ERISA § 406(a).**

Plaintiffs' Opposition fails to distinguish between the two types of claims in Count I.  In

doing so, Plaintiffs attempt to hold HK Defendants, all of whom are nonfiduciaries, liable by simply alleging the elements of a claim under ERISA § 406(a). This is not the law. Count I contains two distinct claims: (a) a claim under ERISA § 406(a) against GreatBanc as a fiduciary for causing the ESOP to engage in a prohibited transaction and (b) a claim under ERISA § 502(a)(3) against a number of nonfiduciary-alleged-"parties in interest," including certain HK Defendants, for knowing participation in a transaction prohibited under ERISA § 406(a). *See* ECF 79-1 ("Mot.") at 7–8.

To plead a claim under § 406(a)(1)(A) or (D), a plaintiff must plead three elements: an ERISA plan fiduciary (1) caused the plan to engage in a transaction, (2) the fiduciary knew or should have known constituted (A) a sale or exchange or leasing of property between the plan and, or (D) a transfer of any assets of the plan to, or use by or for the benefit of (3) a party in interest. *Cunningham*, 604 U.S. at 700.

A claim under ERISA § 502(a)(3) against a nonfiduciary includes those elements *plus* the following: (1) receipt of "ill-gotten trust assets" from the ERISA § 406(a) transaction; (2) actual or constructive knowledge of the circumstances that rendered the ERISA § 406(a) transaction unlawful; and (3) appropriate equitable relief. *Harris Tr. & Savs. Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 250–251 (2000); *Del Castillo v. Cmty. Child Care Council of Santa Clara Cnty., Inc.*, 2019 WL 6841222, at *4 (N.D. Cal. Dec. 16, 2019).

> a. *Plaintiffs' claim is based on their "party in interest" status, but Plaintiffs' fail to plead HK Defendants are "parties in interest."*

Plaintiffs' Opposition claims that Kruse Investment Trust, the Correia Trust, and the Kruse Family Trust need not be "parties in interest" to be liable under § 502(a)(3) for knowing participation in a prohibited transaction. Yet, Plaintiffs are the ones who allege in Count I that each of the nonfiduciary defendants named are "parties in interest" and that it was the transactions with each of these "parties in interest" that was the prohibited transaction in violation of ERISA § 406(a). AC ¶¶ 91–93 (alleging ERISA prohibits certain transactions with "parties in interest" and defining how each of the nonfiduciaries named qualify as such), ¶ 95 (alleging the ESOP transaction constituted

a direct or indirect transfer or exchange of property with "the parties named in this Count").[3]

Plaintiffs claim that so long as Plaintiffs have alleged that the 2022 ESOP Transaction "was between the Plan and *a* party in interest," then it does not matter whether all the Defendants in Count I qualify as "parties in interest." Opp. at 22. Plaintiffs' cases on this point, however, are inapposite. Opp. at 22. *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 90 (3d Cir. 2012), involved a claim under ERISA § 406(b), not ERISA § 406(a), and it was undisputed that a transaction implicating ERISA § 406(b)(3) occurred.[4] Neither *Bombardier Aerospace Emp. Welfare Benefit Plan v. Ferrer, Poirot & Wansbrough*, 354 F.3d 348, 353–54 (5th Cir. 2003) nor *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 916 (7th Cir. 2013) involved a prohibited transaction claim under ERISA § 406. In *Gamino v. SPCP Group, LLC*, 2022 WL 336469, at *3 (C.D. Cal. Feb. 2, 2022), defendants did not challenge that a prohibited transaction under ERISA § 406(a) occurred.

Count I claims that the prohibited transaction underlying the claim was the Plan's transaction with each of the Defendants named in Count I. AC ¶ 95. Thus, for the Plan's transaction with them to be a "prohibited transaction," Plaintiffs must allege that each was a party in interest. Plaintiffs fail to do so. And they do not respond to the HK Defendants' arguments why the Kruse Investment Trust, the Correia Trust, and the Kruse Family Trust cannot meet the definition. Opp. at 22 n.16.

> b. *Plaintiffs fail to allege HK Defendants engaged in a direct or indirect § 406(a) transaction with the ESOP.*

Plaintiffs' Opposition claims that there is no requirement that a "party must have personally transacted with a plan to be held liable under § 406(a) as enforced through § 502(a)(3)." Opp. at 23. According to Plaintiffs, the "2022 ESOP Transaction" was an "integrated transaction" and constituted a "direct or indirect" sale or exchange of property between the ESOP and parties in interest in violation of § 406(a). This argument glosses over the plain language of ERISA § 406(a) and relies on authority interpreting a different section of ERISA.

---

[3] This "party in interest" characterization is the only thing that distinguishes Count I from Count VI, which seeks equitable relief against all Defendants except GreatBanc. *Hall v. Fiat Chrysler Am. US LLC*, 2022 WL 17885693, at *3 (C.D. Cal. Oct. 24, 2022) (dismissing claim as duplicative).

[4] Plaintiffs make no such claim of knowing participation liability here, and the Ninth Circuit has never recognized one. *Gamino v. KPC Healthcare Holdings, Inc.*, 2022 WL 4596576, at *9 (C.D. Cal. Aug. 15, 2022).

ERISA § 406(a) refers to both "direct and indirect" transactions between a plan and party in interest.  As Plaintiffs' authority recognizes, however, the purpose of the "indirect" language is to "avoid[] [§ 406's] restrictions through the interjection of a third party into an otherwise prohibited transaction."  *Neil v. Zell*, 2010 WL 11603191, at *11 (N.D. Ill. Mar. 11, 2010).  In other words, "just as a plan could not purchase an aircraft from a party in interest, neither could it buy the aircraft from a third party that had purchased it from the party in interest in an attempt to avoid ERISA's restrictions."  *Id.*; *Brock v. Citizens Bank of Clovis*, 841 F.2d 344, 347 (10th Cir. 1988).  Based on this reasoning, the court in *Neil v. Zell* concluded that the complaint stated a claim for an indirect transaction under ERISA § 406. Here, Plaintiffs' Complaint fails to allege any such transaction involving Kevin Kruse, Tony Correia, Kruse Investment Co., the Correia Trust, or the Kruse Family Trust where a third party was injected to avoid an otherwise prohibited transaction. *Neil*, 2010 WL 11603191, at *11 n.4.

Plaintiffs improperly attempt to expand the concept of an "indirect" transaction under ERISA § 406(a), by relying on authority interpreting an entirely different section of ERISA.  Opp. at 21.  In Plaintiffs' cases of both *Spear v. Fenkell*, 2016 WL 5661720, at *10–11 (E.D. Pa. Sept. 30, 2016) and *Chesemore v. Alliance Holdings, Inc.*, 886 F. Supp. 2d 1007, 1055–56 (W.D. Wis. 2012), the respective courts considered whether a violation of ERISA § 406*(b)(3)* occurred.[5]  But ERISA § 406(b)(3) is not concerned with indirect transactions covered by ERISA § 406(a).  That section of ERISA prohibits a plan fiduciary from receiving kickbacks, specifically "any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan."  29 U.S.C. § 1106(b)(3).  The courts in *Spear* and *Chesemore* were determining with the transactions in those cases constituted "a transaction involving assets of the plan."  But ERISA § 406(a) requires a transaction between a plan and a party in interest.  The payment of preexisting legal obligations is not such a transaction.  *Szalanski v. Arnold*, 2025 WL 172622, at *4 (W.D. Wis. June 20, 2025).

---

[5] Plaintiffs' citation to *Gamino v. KPC Healthcare Holdings, Inc.*, 2021 WL 5104382, at *3 (C.D. Cal. Nov. 1, 2021) is similarly misplaced, because that case relied on *Spear* and *Chesemore* to support its holding. Likewise, the issue in *Zavala v. Kruse*, 2023 WL 2387513, at *2 (E.D. Cal. Mar. 7, 2023) was whether an amendment to the complaint related back under the standard in Fed. R. Civ. P. 15(c)(1)(B) not whether the transaction was an "indirect" transaction under ERISA § 406(a).

**HK DEFENDANTS' REPLY IN SUPPORT OF**
**MOTION TO DISMISS THE CLASS ACTION COMPLAINT**

*c. Plaintiffs fail to allege any HK Defendant named in Count I had actual or constructive knowledge to be liable as nonfiduciaries.*

Plaintiffs challenge the standard of knowledge needed to hold a nonfiduciary liable based on a misleading citation to the Supreme Court decision of *Harris Trust*. Opp. at 24. Citing *Harris Trust*, Plaintiff claims that nonfiduciaries need only have "actual or constructive knowledge of the facts satisfying the elements of a § 406(a) transaction." *Harris Tr.*, 530 U.S. at 251. But this statement of knowledge in *Harris Trust* is what a *plan fiduciary* must have. A *nonfiduciary* must have "actual or constructive knowledge of the circumstances that rendered the transaction unlawful." *Id.* This is a key distinction because only where an ERISA § 406(a) transaction is not subject to an exemption, is it unlawful. *Cunningham*, 604 U.S. at 702 ("[A] plaintiff will not prevail by simply pleading, and later proving, the § 1106(a) elements."). "[G]eneral knowledge of the transaction's circumstances is not enough." *Walsh v. Vinoskey*, 19 F.4th 672, 678 (4th Cir. 2021).

Plaintiffs claim that the recent decision in *Cunningham v. Cornell* guides the analysis of a nonfiduciary's knowledge requirement but the case simply did not address the issue. The issue in *Cunningham* was whether a plaintiff must plead the applicability of an exemption to state a claim directly under ERISA § 406 against a fiduciary. *Cunningham*, 604 U.S. at 700.[6] *Cunningham* did not address the pleading standard of an ERISA § 502(a)(3) claim. The Supreme Court precedent on nonfiduciary liability is *Harris Trust*. And, that case holds, as well as an overwhelming majority of the cases following it, that nonfiduciary liability requires more than just facts satisfying the prima facie elements of a § 406(a) transaction. *Harris Tr.*, 530 U.S. at 251; *Vinoskey*, 19 F.4th at 678; Motion, at 14–17 (citing cases).[7] "[T]he common law of trusts sets limits on restitution actions against defendants other than the principal 'wrongdoer.'" 530 U.S. at 251.

In support of their argument that they need not plead knowledge of a non-exempt transaction,

---

[6] It had already been the law in the Ninth Circuit that the existence of an exemption under ERISA § 408 was a defendants' burden to plead and prove as an affirmative defense. *Howard v. Shay*, 100 F.3d 1484, 1488 (9th Cir. 1996).

[7] Plaintiffs also criticize Defendants' reliance on *Gamino v. KPC Healthcare Holdings, Inc.*, 2022 WL 4596576, at 6 (C.D. Cal. Aug. 15, 2022) because the *Gamino* court's earlier decisions at the motion to dismiss stage applied the standard Plaintiffs put forth. While Plaintiffs brush the decision away as "driven by the particular facts of the case" (Opp. at 29 n. 19), the 2022 *Gamino* decision followed the intervening decision by the Fourth Circuit in *Walsh v. Vinoskey*, 19 F.4th 672 (4th Cir. 2021) on the applicable standard of knowledge, and *Gamino* relied heavily on the Fourth Circuit's reasoning.

**HK DEFENDANTS' REPLY IN SUPPORT OF**
**MOTION TO DISMISS THE CLASS ACTION COMPLAINT**

Plaintiffs cite a series of cases that do not help them. *Haley* recognized that while a nonfiduciary need not have knowledge of the legal conclusion that the transaction was unlawful, it must have knowledge of the <u>factual circumstances</u> relevant to lawfulness. *Haley v. Teachers Ins. & Annuity Assoc. of Am.*, 377 F. Supp. 3d 250, 261 (S.D.N.Y. 2019); *see also Arnold v. Paredes*, 714 F. Supp. 3d 962, 984 (M.D. Tenn. 2024). Likewise, *SPCP* recognized that mere knowledge that a transaction is "prohibited" is not sufficient; a plaintiff must allege facts supporting a plausible inference that it was imprudent. *Gamino v. SPCP Group, LLC*, 2022 WL 336469, at *4 (C.D. Cal. Feb. 2, 2022).

Plaintiffs' conclusory facts fail to allege that any HK Defendants in Count I had such knowledge. Mot. at 14–17. The Opposition just recites the allegation that the HK Defendants had knowledge of the Company's financial statements and that the transactions in 2022 allowed payment on their seller notes from 2015. Opp. at 25. None of these facts lead to the plausible inference that HK Defendants knew or should have known that the 2022 sale to Viserion—in an arms' length transaction—was for anything less than fair market value or that the ESOP participants did not receive fair market value for their shares when they were ultimately redeemed by the Company. There are no facts alleged as to why receipt of the bonuses was improper, unreasonable, or otherwise caused the participants to receive less than fair market value for their stock.[8]

Furthermore, putting aside the dispute about the applicable knowledge standard, the court need not address it. Even under the standard that Plaintiffs put forward—that Plaintiffs must only plead that they were transacting with the ESOP as parties in interest—the Complaint fails to allege nonconclusory facts supporting that Kruse, Correia, Kruse Investment Co., the Correia Trust, or the Kruse Family Trust had such knowledge. As the Complaint acknowledges, none of these Defendants transacted with the ESOP. AC ¶¶ 69–70. Plaintiffs fail to allege how these Defendants would know they were receiving a direct or indirect transfer of the ESOP's assets when the proceeds they received came from *Viserion* not the ESOP. AC ¶¶ 4, 69–70.

       *d.  Plaintiffs fail to allege HK Defendants received "ill-gotten trust assets."*

___

[8] Although Plaintiffs claim that "knowledge may be alleged generally" (Opp. at 24), Plaintiffs' reliance on Rule 9's standard for pleading fraud is misplaced. Rule 8, which governs the claims here, requires a plaintiff to plead sufficient facts demonstrating that a claim is plausible on its face. Motion, at 5 (citing *Twombly*, 550 U.S. at 570).

The Opposition claims that Kevin Kruse, Tony Correia, Kruse Investment Co., the Correia Trust, or the Kruse Family Trust need not have received "ill-gotten trust assets" to be liable under ERISA § 502(a)(3).  Plaintiffs do not dispute that the Complaint fails to allege that each did not receive ESOP assets; so if Plaintiffs are wrong on the legal standard, Count I fails.

Plaintiffs rely on two unpublished district court cases, both of which ignore the language of *Harris Trust* stating that "ill-gotten trust assets" is essential to a claim against nonfiduciaries. *Gamino v. SPCP Group, LLC* relied on the language in the *Harris Trust* syllabus, not the Court's opinion, to conclude that receiving tainted plan assets was not required.  2022 WL 336469, at *5 (citing *Harris Tr.*, 530 U.S. at 240).  In *Spear v. Fenkell*, the court cited nothing for the conclusion that receipt of plan assets is not required for nonfiduciary liability. 2016 WL 5661720, at *29.

Although both cases hold that *Harris Trust* did not require the receipt of ill-gotten trust assets, the actual decision is clear: "Only a transferee of ill-gotten trust assets may be held liable." *Harris Tr.*, 530 U.S. at 251. The opinion is based on the common law of trusts and repeatedly refers to the liability of "transferees" of trust assets.  *Id*. at 250 (discussing the liability of a transferee of trust property), 251 (noting that a constructive trust is based on property not wrongs), 252 (referring to liability of the "transferee" of trust assets), 253 (referring to a nonfiduciary as the "transferee").

      *e.  Plaintiffs do not dispute that Kruse Western or Kruse Western Enterprises are not subject to the equitable relief they seek.*

Plaintiffs do not respond to the argument that KW and KWE are not subject to the equitable relief they seek.  Because Plaintiffs fail to allege KW or KWE are in possession of any transaction proceeds to disgorge, Count I should be dismissed as to them for this reason as well.

    **2.  Count II fails to allege any HK Defendant was a fiduciary that engaged in an ERISA § 406(b) transaction.**

Plaintiffs' § 406(b) claim against the Board Defendants fails at the outset because Plaintiffs do not allege the Board Defendants named in Count II were acting as fiduciaries.  Plaintiffs' only response is in a footnote and claims because the Board Defendants "had a duty to monitor Defendant GreatBanc," they were fiduciaries to the ESOP for the "2022 ESOP Transaction."  *See* Opp. at 34 n.23.  This completely ignores the principle that only where a person is acting with discretion to the

plan is he acting as a fiduciary, and Plaintiffs allege it was GreatBanc, not the Board, that acted on behalf of the ESOP in the 2022 transactions. Mot. at 18–20. On this exact basis, the *Zavala* court dismissed claims against the Board in the case involving the 2015 transaction. *Zavala v. Kruse-Western, Inc.*, 398 F. Supp. 3d 731, 744 (E.D. Cal. 2019). And, the Court should do so here.

Additionally, Plaintiffs fail to state a claim that the Board Defendants' conduct violated ERISA § 406(b)(3). Opp at. 34. To avoid § 406(b)(3)'s requirement that the fiduciary who received consideration must have caused the plan to enter the transaction in question, Plaintiffs dismiss *Tibble v. Edison Int'l*, 639 F. Supp. 2d 1074, 1087 (C.D. Cal. 2009), as "suspect authority." Opp. at 34. The portion of *Tibble* addressing § 406(b)(3), however, was never overturned and remains good law. And, courts continue to rely on *Tibble*'s findings. *Innis v. Bankers Trust Co. of S.D.*, 2017 WL 4876240, at *8–9 (S.D. Iowa Oct. 13, 2017); *Leimkuehler v. Am. United Life Ins. Co.*, 2012 WL 28608, at *14 (S.D. Ind. Jan. 5, 2012).

Plaintiffs' reliance on *Lowen v. Tower Asset Mgmt., Inc.*, 829 F.2d 1209 (2d Cir. 1987), is misplaced. There, the defendant fiduciary investment manager invested plan assets into companies with which the investment manager's related entities had agreements to raise capital, thereby resulting in the related entities receiving a fee from the companies for investing the plan's assets. *Id.* at 1214. There are no allegations here that the Board Defendants did anything with any plan assets, let alone use them as an investment to earn a kickback commission. Likewise, *Gamino v. KPC Healthcare Holdings, Inc.*, 2021 WL 162643, at *6 (C.D. Cal. Jan. 15, 2021) and *Chea v. Lite Star ESOP Comm.,* 2024 WL 280771, at *38 (E.D. Cal. Jan. 25, 2024) are inapposite. Both involved allegations that a fiduciary *dealt with assets of the Plan*. Here, by contrast, the Complaint alleges that the consideration at issue came from Viserion, not the ESOP. AC, ¶¶ 69-70.

HK Defendants' reading of § 406(b)(3) is the only one consistent with the statute's purpose. ERISA's prohibited transaction rules are designed to prevent fiduciaries from using their authority over a plan for personal gain. Plaintiffs' interpretation severs § 406(b)(3) from that core purpose by creating liability on fiduciaries for merely being passive, incidental beneficiaries of corporate actions they did not control on behalf of the plan.

### 3. Count IV's conclusory duty to monitor allegations fail.

Plaintiffs' Opposition improperly conflates the Board of Directors as an entity with its individual members, Kevin Kruse and Tony Correia. The Complaint alleges only that the "Board Defendants appointed GreatBanc," and then attempts to impute that act—and the associated monitoring duty—to each director individually, without alleging what each individual did or failed to do. AC ¶¶ 15, 25. This is not sufficient to impose fiduciary liability under ERISA on either Kevin Kruse or Tony Correia. Mot. at 24–25. Although Plaintiffs rely on general corporate law principles that a company's affairs are managed by the board, they fail to explain how that has any impact on Ninth Circuit *ERISA* law requiring that the question of fiduciary status is not one of title but of individual action. Mot. at 24–25. In the absence of allegations that Kevin Kruse or Tony Correia participated in or controlled the appointment process, they cannot be saddled with an individual duty to monitor. *See Bozzini v. Ferguson Enters. LLC*, 2024 WL 4008760, at *3 (N.D. Cal. Aug. 30, 2024) (dismissing individual defendants where plaintiffs failed to allege facts regarding the actions they undertook in their respective roles).

*Second*, the Opposition also does not cure the core defect in the duty-to-monitor theory: the absence of factual allegations describing how the Board's monitoring process was flawed. Instead, Plaintiffs simply repeat conclusory allegations from the Complaint. Their citations to allegations that the Board failed to "ensure that GreatBanc was fulfilling to its fiduciary duties" or that the Board Defendants were "intimately familiar with the terms of the 2022 ESOP Transaction" provide no facts from which the conclusion of breach can be drawn. Opp. at 40–41.

Plaintiffs mischaracterize language from the Confidential Information Statement claiming that a statement about how the Board gave careful consideration to "the interests that officers and directors of the Company may have in connection with the Transaction" was some admission that the Board improperly favored insiders. Opp. at 41. This statement is part of a routine disclosure of potential conflicts by the Board and their consideration. Plaintiffs' blatant mischaracterization does not substitute for factual allegations describing any actual deficiency in the Board's monitoring process. Plaintiffs must plead facts showing *how* the monitoring process itself was deficient. *White v. Chevron Corp.*, 2016 WL 4502808, at *19 (N.D. Cal. Aug. 29, 2016); Mot. at 23–24.

**4. Count V contains no facts supporting actual knowledge.**

Plaintiffs' claims for co-fiduciary liability under ERISA §§ 405(a)(1) and (a)(3) require allegations of "actual knowledge" of an underlying breach by GreatBanc. The Complaint contains no such factual allegations. Instead, it merely recites the statutory elements and asserts that the Board Defendants "knowingly participated" or "had knowledge" of GreatBanc's purported breach, precisely the sort of conclusory pleading courts reject. *See, e.g.*, *Gernandt v. SandRidge Energy Inc.*, 2017 WL 3219490, at *11 (W.D. Okla. July 28, 2017); *In re Syncor ERISA Litig.*, 351 F. Supp. 2d 970, 988 (C.D. Cal. 2004). The Complaint is silent on what the Board Defendants knew, when they knew it, or how they came to know it. Nor does it allege that the Board Defendants received or reviewed GreatBanc's valuation materials, knew anything about GreatBanc's internal deliberations, or were apprised of any specific facts suggesting a breach. Plaintiffs' own pleading, which acknowledges GreatBanc's exclusive authority to approve the transaction for the ESOP, undermines any inference of knowing participation. Absent factual content rendering actual knowledge plausible, Count V fails under §§ 405(a)(1) and (a)(3).

Additionally, although Plaintiffs' Complaint asserted only "Co-Fiduciary Liability Under ERISA §§ 405(a)(1) and (a)(3)", Plaintiffs' Opposition now claims a violation of §405(a)(2). *See* Opp. at 43; *see also* AC, Count V. Plaintiffs may not amend their complaint through an opposition brief, and Plaintiffs' shifting theory underscores how poorly Count V was drafted. Regardless, this new "enabling" theory is just as factually barren as the claims that were actually pled. Liability under § 405(a)(2) requires a plaintiff to allege that a fiduciary, by failing to comply with its *own* specific fiduciary duties, "enabled such other fiduciary to commit a breach." 29 U.S.C. § 1105(a)(2). The Complaint contains no facts explaining how any alleged breach by HK Defendants created the opportunity for GreatBanc's breach.

Finally, Plaintiffs' reliance on Rule 9(b) to excuse these deficiencies is unavailing. *See supra* note 8. Rule 8 requires a plaintiff to plead facts allowing the court to draw the reasonable inference that the defendant is liable. A bare assertion that a defendant "had knowledge" is not enough. *See Askew v. R.L. Reppert, Inc.*, 902 F. Supp. 2d 676, 687 (E.D. Pa. 2012).

### 5. Count VI fails to state a plausible claim for equitable relief.

The Opposition glosses over the various elements required to state a claim against a

nonfiduciary under ERISA § 502(a)(3). It is not just available equitable relief, as Plaintiffs' claim (Opp. at 44), but it is also the underlying existence of an ERISA § 406(a) transaction, the nonfiduciary's receipt of "ill-gotten trust assets" from that transaction, and knowledge of the circumstances making the ERISA § 406(a) transaction unlawful that are all required to state a claim against a nonfiduciary. *See supra* Section II.B.1.[9] The claims against the Knudsen Trust and the Board of Directors do not meet this standard.

*The Board of Directors*. Plaintiffs fail to allege the Board is subject to the equitable relief Plaintiffs seek, namely "the consideration paid to them in connection with the 2022 ESOP Transaction." AC ¶ 137. The Complaint contains no allegations that the Board, as an entity, received anything in the various transactions in 2022. Thus, Count VI against it should be dismissed.

*The Knudsen Trust*. The Opposition does not directly respond to the Knudsen's Trust's arguments that it lacked any knowledge of the circumstances purportedly rendering the 2022 transactions "unlawful." Rather, Plaintiffs just recite the conclusory allegation from the Complaint that the 29 "Seller Defendants" had sufficient knowledge for liability based on the familiarity with the 2015 transaction and their inside information about the Company or relationship with Company insiders. Plaintiffs fail to connect the dots as to how this information meets any standard of knowledge required to hold a nonfiduciary liable under *Harris Trust*. *See* Section II.B.1.c, *supra*. There are no factual allegations that it "knew or should have known" it was transacting with the ESOP or receiving ESOP assets (Opp. at 24), when the Complaint only alleges that it received payment of its note from Viserion and there are no factual allegations that the Knudsen Trust was otherwise involved in the 2022 transactions. AC ¶¶ 69–70.

Although Plaintiffs' failure to plead the required element of knowledge dooms their claim against the Knudsen Trust, the claim also fails because the Complaint fails to allege what prohibited transaction the Knudsen Trust participated in and from which it received "ill-gotten trust assets." [10]

---

[9] As set forth in Section II.B.1., Plaintiffs' claim against Kruse Western, Kruse Western Enterprises, Kruse Investment Co., the Kruse Family Trust, the Correia Trust, Kevin Kruse, and Tony Correia under ERISA § 502(a)(3) fails and Count VI should be dismissed as to them.

[10] Plaintiffs' authority of *Fish v. GreatBanc Trust Company*, 109 F. Supp. 3d 1037, 1042 (N.D. Ill. 2015) is not persuasive as it cites nothing to support its conclusion that *Harris Trust* means anything other than what is says—"[o]nly a transferee of ill-gotten trust assets may be held liable." *Harris Tr.*, 530 U.S. at 251.

Dated: February 17, 2026                    Respectfully submitted,

                                            **KEVIN KRUSE, THE KRUSE WESTERN,
                                            INC. BOARD OF DIRECTORS, TONY
                                            CORREIA, KRUSE INVESTMENT
                                            COMPANY, INC., TONY F. & MARY A.
                                            CORREIA REVOCABLE FAMILY
                                            TRUST, 2007 KNUDSEN FAMILY TRUST,
                                            KRUSE FAMILY TRUST, KRUSE
                                            WESTERN, INC., AND KRUSE WESTERN
                                            ENTERPRISES, LLC**

                                            By:    /s/ Chelsea Ashbrook McCarthy
                                                   One of their attorneys

                                            Ian B. Wieland
                                            SAGASER, WATKINS & WIELAND, PC

                                            Lynn Estes Calkins
                                            Chelsea Ashbrook McCarthy
                                            HOLLAND & KNIGHT, LLP

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 17, 2026, the foregoing was filed through the CM/ECF system, which caused a copy to be served on all counsel of record.

s/ Chelsea Ashbrook McCarthy

---

**HK DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS THE CLASS ACTION COMPLAINT**